The Honorable Jim Argue State Senator 5905 Forest Place #210 Little Rock, Arkansas 72207-5245
Dear Senator Argue:
This official Attorney General opinion is issued in response to your recent question regarding the applicability of Amendment 33 of the Arkansas Constitution to the Arkansas School for the Deaf and the Arkansas School for the Blind.
You note in your correspondence that Amendment 33 governs charitable institutions, penal and correctional institutions, and institutions of higher learning. You further note that the Arkansas School for the Deaf and the Arkansas School for the Blind clearly are not classifiable as penal or correctional institutions, or as institutions of higher learning. Accordingly, you ask:
 Are the Arkansas School for the Deaf and the Arkansas School for the Blind "charitable institutions," and therefore subject to Amendment 33?
It is my opinion that the Arkansas School for the Deaf and the Arkansas School for the Blind are "charitable institutions," and are therefore subject to Amendment 33.
Amendment 33 of the Arkansas Constitution was adopted in November, 1942. It charged the General Assembly with the task of arranging the terms of the board members of all charitable, penal or correctional institutions and institutions of higher learning of the State of Arkansas "now in existence or hereafter created" so as to conform with the requirements of the amendment.
In January, 1943, in recognition of the task imposed upon it by Amendment 33, the General Assembly enacted Act 1 of 1943, in which it proceeded to arrange the terms of the board members of the institutions that it deemed to have been addressed by Amendment 33. Among the boards specifically recognized by the General Assembly in Act 1 of 1943 as being the subject of Amendment 33 was the board of the Arkansas School for the Deaf and the Arkansas School for the Blind. See Acts 1943, No. 1, §§ 1, 2(5), 9.
The Arkansas Supreme Court has held that a statute enacted shortly after a constitutional convention should be given weight as indicating the appropriate construction of the constitutional provision under which the statute was enacted. See Hays v. McDaniel, 130 Ark. 52, 196 S.W. 934
(1917). The court has also held that while a legislative interpretation of a constitutional provision is not binding, it is persuasive and entitled to consideration if there is any doubt or ambiguity concerning the constitutional provision. See Mears v. Hall, 263 Ark. 827,569 S.W.2d 91 (1978). See also Stayton v. Paschall, 9 F.2d 109 (D.C. Ark. 1925).
Upon the basis of these authorities, I must conclude that the 1943 General Assembly's designation of the Arkansas School for the Deaf and the Arkansas School for the Blind as being subject to Amendment 33 is indicative that these schools do, in fact, constitute "charitable institutions" that are subject to Amendment 33.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh